## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTINA L. PORRITT and
LORI HESS,

Relators,

   v.

AMSCAN HOLDINGS, INC.,
AMSCAN, INC.,
M&D INDUSTRIES INTERNATIONAL INC.,
ANAGRAM INTERNATIONAL INC.,
FLOWERS, INC., d/b/a burton + BURTON, and
BETALLIC, L.L.C.,

Defendants.

Civil Action No. 10-cv-469-JPG-DGW

Judge. J. Phil Gilbert
Magistrate Judge Donald G. Wilkerson

## DEFENDANTS' MOTION TO DISMISS
## PURSUANT TO RULES 12(b)(1) AND 12(b)(6)
## <u>AND SUPPORTING MEMORANDUM</u>

Nicholas Clifford
  *nclifford@armstrongteasdale.com*
Armstrong Teasdale LLP
7700 Forsyth Blvd.
St. Louis, MO 63105
Phone: 800-243-5070
Fax:   314-621-6301


*Attorney for Defendant,*
*Betallic LLC*

Daniel A. Boehnen
  *boehnen@mbhb.com*
Jessica L. Lunney
  *lunney@mbhb.com*
McDonnell Boehnen Hulbert & Berghoff LLP
300 S. Wacker Dr., Suite 3100
Chicago, IL 60606
Phone: 312-913-0001
Fax:   312-913-0002

*Attorneys for Defendants,*
*Amscan Holdings, Inc,*
*Amscan, Inc.*
*M&D Industries International, Inc.*
*Anagram International, Inc., and*
*Flowers, Inc. d/b/a burton + BURTON*

## TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................... 1

II.     STATEMENT OF FACTS ........................................................................... 1

III.    PORRITT'S COMPLAINT SHOULD BE DISMISSED BECAUSE LACK OF
        STANDING DESTROYS SUBJECT MATTER JURISDICTION ................................ 2

IV.     PORRITT'S COMPLAINT FAILS TO STATE A CLAIM ............................................. 4

        A.      The Complaint Should Be Dismissed for Failure To Plead Intent To
                Deceive with the Particularity Required under Rule 9(b).................................... 4

        B.      The Complaint Should Be Dismissed for Failure To Satisfy Even the
                Minimal Pleading Standard of Rule 8................................................. 8

V.      PORRITT'S COMPLAINT SHOULD BE DISMISSED BECAUSE SECTION
        292 VIOLATES THE "TAKE CARE" CLAUSE OF THE CONSTITUTION............. 13

VI.     CONCLUSION......................................................................................... 17

## TABLE OF AUTHORITIES

CASES

*Advanced Cartridge Techs., LLC v. Lexmark Int'l, Inc.*,
    No. 10-486, 2010 WL 2640137 (M.D. Fla. June 30, 2010) ......................................5

*Arcadia Mach. & Tool, Inc. v. Sturm, Rugur & Co.*,
    786 F.2d 1124 (Fed. Cir. 1986).....................................................................................9

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009)..........................................................................................10, 11

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 554 (2007).............................................................................................10, 12

*Blank v. Pollack*,
    916 F. Supp. 165 (N.D.N.Y. 1996)...............................................................................10

*Brinkmeier v. Graco Children's Products, Inc*,
    684 F. Supp. 2d 548 (D. Del. 2010).............................................................................12

*Brooks v. Ross*,
    578 F.3d 574, 581 (7th Cir. 2009) .............................................................................11

*Cent. Admixture Pharm. Servs., Inc. v. Advanced Cardiac Solutions, P.C.*,
    No. 00-2430, 2006 WL 4448613 (N.D. Ala. Jan. 13, 2006), *aff'd on other grounds*,
    482 F.3d 1347 (Fed. Cir. 2007).....................................................................................5

*Chaney v. Suburban Bus Div. of the Regional Transp. Auth.*,
    52 F.3d 623 (7th Cir. 1995) .......................................................................................13

*Clontech Labs. v. Invitrogen Corp.*,
    406 F.3d 1347 (Fed. Cir. 2005)...........................................................................4, 5, 11

*Conley v. Gibson*,
    355 U.S. 41 (1957)......................................................................................................13

*DiLeo v. Ernst & Young*,
    901 F.2d 624 (7th Cir. 1990) .......................................................................................7

*D.O.C.C. Inc. v. Spintech Inc.*,
    No. 93-4679, 1994 WL 872025 (S.D.N.Y. August 15, 1994)................................5

*Douglas v. Wal- Mart Stores, Inc.*,
    No. 05-152, 2005 WL 3234629 (E.D. Pa. Nov. 30, 2005) ......................................9

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
   575 F.3d 1312 (Fed. Cir. 2009)..................................................................6, 7, 9, 10

*Forest Group Inc. v. Bon Tool Co.*,
   590 F.3d 1295 (Fed. Cir. 2009).................................................................16

*Free Enterprise Fund v. Public Co. Accounting Oversight Bd.*,
   130 S. Ct. 3138 (2010)..............................................................................13

*Gibson v. City of Chicago*,
   910 F.2d 1510 (7th Cir.1990) ...................................................................12

*H.J., Inc. v. Northwestern Bell Tel. Co.*,
   492 U.S. 229 (1989)...................................................................................4

*Hollander v. Etymotic Research, Inc.*,
   No. 10-526, 2010 WL 2813015 (E.D. Pa. July 14, 2010) ........................5

*Inventorprise, Inc. v. Target Corp.*,
   No. 09-380, 2009 WL 3644076 (N.D.N.Y. Nov. 2, 2009)...................5, 9

*Juniper Networks v. Shipley*,
   No. 09-696, 2009 WL 1381873 (N.D. Cal. May 14, 2009)........................5

*Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*,
   863 F.2d 867, 872 (Fed. Cir. 1988).........................................................6

*Lindsey v. Normet*,
   405 U.S. 56 (1972)....................................................................................16

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992)..................................................................................2

*Max Impact, LLC, v. Sherwood Group*,
   No. 09-902, 2009 WL 2448108 (S.D.N.Y. August 10, 2009).................11

*Morrison v. Olson*,
   487 U.S. 654 (1988)..................................................................................13

*Mungiovi v. Chicago Housing Auth.*,
   901 F. Supp. 261 (N.D. Ill. 1995).............................................................13

*Pequignot v. Solo Cup Co.*,
   608 F.3d 1356 (Fed. Cir. 2010) ...............................................................5, 10

*Ridenour v. Kaiser-Hill Co., L.L.C.*,
   397 F.3d 925 (10th Cir. 2005) ..................................................................14, 15

*Riley v. St. Luke's Episcopal Hosp.*,
   252 F.3d 749 (5th Cir. 2001) ......................................................15

*Simonian v. Cisco Sys., Inc.*,
   No. 10-1306, 2010 WL 2523211 (N.D. Ill. June 17, 2010) ........................8

*Stauffer v. Brooks Bros., Inc.*,
   615 F. Supp. 2d 248 (S.D.N.Y. 2009)............................................3

*Summers v. Earth Island Inst.*,
   129 S. Ct. 1142 (2009) ........................................................2

*U.S. ex rel. Gross v. AIDS Research Alliance-Chicago*,
   415 F.3d 601 (7th Cir. 2005) .................................................6

*United States v. Lawrence*,
   535 F.3d 631 (7th Cir.2008) .................................................13

*Vt. Agency of Natural Res. v. United States ex rel. Stevens*,
   529 U.S. 765 (2000).........................................................3, 15

*Zojo Solutions Inc. v. The Stanley Works*,
   No. 10-1175, 2010 WL 1912650 (N.D. Ill. May 12, 2010)........................16

**STATUTES**

31 U.S.C. § 3729...................................................................14

31 U.S.C. § 3730...................................................................15

35 U.S.C. § 292....................................................................*passim*

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 8 ...............................................10, 11, 12

Federal Rule of Civil Procedure 9(b)..............................................*passim*

Federal Rule of Civil Procedure 12(b)(1) .......................................1, 12, 13, 16

Federal Rule of Civil Procedure 12(b)(6) .........................................*passim*

S.Rep. No. 82-1979, 1952 U.S.C.C.A.N. 2394 (1952)................................13

## I.   INTRODUCTION

*Qui tam* plaintiffs Christina Porritt and Lois Hess (collectively "Porritt") allege violations of 35 U.S.C. § 292 ("Section 292"), the penal statute for false patent marking.  Plaintiffs' Complaint is based solely on the Defendants'[1] purported failure to remove patent markings from covered products after the patents expired.  Porritt alleges that Defendants have falsely marked certain novelty balloon products with two expired patents and seeks a fine for each offense. Defendants seek dismissal of the complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.   STATEMENT OF FACTS

Neither Christina Porritt, "a resident of the Southern District of Illinois," nor Lois Hess, a "resident of Orange County, California," alleges that she competes with Defendants, or even that she consumes Defendants' products.  D.I. 1, ¶¶ 4-5.  Porritt instead styles this action as a *qui tam* case in which the plaintiffs-relators purportedly act on behalf of the American public.  D.I. 1, ¶¶ 1, 11.

In the complaint, Porritt alleges that Defendants violated Section 292 by continuing to mark certain novelty balloon products with U.S. Patent No. 4,917,646 ("the '646 patent") and U.S. Patent No. 4,077,588 ("the '588 patent") after those patents had expired.  D.I. 1, ¶¶ 12-15, 30, 53, 71, 89, 107.  Porritt also makes the unsupported and conclusory assertion that Defendants have undertaken these markings "for the purpose of consciously deceiving the public into

---

[1] All named defendants, Amscan Holdings, Inc.; Amscan, Inc.; M&D Industries International, Inc.; Anagram International, Inc.; Flower, Inc.; and Betallic, L.L.C. join in this motion.  For the convenience of the Court, the Defendants have collectively filed a single document.  Defendants expressly reserve the right to argue separately as to the merits of the action as necessary and appropriate should the case continue.

believing its products are covered" by the patents.  D.I. 1, ¶¶ 34, 57, 75, 93, 111.[2]  In the same

conclusory manner, Porritt alleges that Defendants' markings have wrongfully dampened

competition, injured the sovereign interests of the United States, and benefitted Defendants.  D.I.

1, ¶¶ 36-38, 59-61, 77-79, 95-97, 113-115.

The case should be dismissed for three independent reasons.  First, Porritt's complaint

fails to allege an injury in fact, which is a constitutional requirement for standing.  For this

reason, the Court lacks subject matter jurisdiction.  Second, Porritt's allegations do not allege

with particularity, or even with factual support, the deception element of intentional false

marking, so this case should be dismissed for Porritt's failure to state a claim.  Third, Section 292

violates the Take Care clause of the Constitution, and as no complaint can allege facts entitling a

plaintiff to relief pursuant to an unconstitutional statute, Porritt's complaint should be dismissed

for this reason as well.

## III.   PORRITT'S COMPLAINT SHOULD BE DISMISSED BECAUSE PORRITT'S LACK OF STANDING DESTROYS SUBJECT MATTER JURISDICTION

The federal judiciary may only act on cases or controversies, and the core of that element

is the requirement that every plaintiff must establish the "irreducible constitutional minimum of

standing."  This requires showing: (1) an injury in fact, (2) causation of that injury by the

defendant's alleged conduct, and (3) redressability of that injury by the relief requested of the

court.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  An injury in fact is "an

invasion of a legally protected interest which is" "concrete and particularized," and "not

conjectural or hypothetical."  *Id.* at 560.  Given that "the requirement of injury in fact is a hard

floor of Article III jurisdiction that cannot be removed by statute," *Summers v. Earth Island Inst.*,

---

[2] Though the complaint separately alleges acts of false marking as to each Defendant concerning a different combination of products and patents, the substantive allegations of the complaint, including those allegations relating to intent and harm, are essentially identical for all Defendants.

129 S. Ct. 1142, 1151 (2009), it is hardly surprising that a *qui tam* relator, like every other

plaintiff, bears the burden of establishing injury in fact to maintain standing. *Vt. Agency of*

*Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000).

In *Stauffer v. Brooks Brothers, Inc.*, 615 F. Supp. 2d 248, 256 (S.D.N.Y. 2009), the court

dismissed a false marking suit based on the *qui tam* relator's failure to allege an injury in fact,

which resulted in a lack of standing.[3]  In *Stauffer*, the plaintiff alleged that Defendants, with their

false marking, "wrongfully quelled competition . . . thereby causing harm to the economy of the

United States" and "wrongfully and illegally advertised patent monopolies that they [did] not

possess" thereby "benefitting in at least maintaining their considerable market share." *Id*. at 254.

The court noted that the complaint failed to allege "with any specificity an actual injury to any

individual competitor, to the market . . . , or to any aspect of the United States economy." *Id*.

The court dismissed the complaint because, even if these allegations were true, "[t]hat some

competitor might somehow be injured at some point, or that some component of the United

States economy might suffer some harm through [defendants'] conduct, [such] is purely

speculative and plainly insufficient to support standing." *Id.* at 255.

This Court should follow the reasoning of *Stauffer* and dismiss this case.  Substantively

equivalent to the plaintiff in *Stauffer*, Porritt alleges that Defendants mark their products "in a

conscious attempt to prevent competitors from making and selling the same or similar or

competing products," that these markings are "likely to, or at least [have] the potential to,

discourage or deter persons and companies from making or selling similar or competing

products," that Defendants have "benefitted commercially and financially," and that these

---

[3] The *Stauffer* case is on appeal to the Court of Appeals for the Federal Circuit, No. 09-1428, -
1430, and -1453 and oral argument was conducted on August 3, 2010, and is the basis of
Defendants' motion to stay, filed concurrently with the present motion.

markings have "injured the sovereign interests of the United States as well as the public, and have discourage competition and innovation in competing products."  D.I. 1, ¶¶ 35-38, 58-61, 76-79, 94-97, 112-115.  These vague assertions of amorphous economic harm fall far short of the concrete, particularized, and actual or imminent harm that constitutes an injury in fact.  Porritt's complaint does not allege injury in fact, and therefore Porritt does not have standing.  Without standing, the Court lacks subject matter jurisdiction over the present case and should consequently dismiss the complaint.

## IV.    PORRITT'S COMPLAINT FAILS TO STATE A CLAIM

Separate and aside from standing, a claim for false patent marking requires proof of four elements: (1) a mark indicating than an article is patented; (2) a showing the marking is on, affixed to, or used in advertising for the article; (3) the article is in fact "unpatented"; and (4) underlying the marking is the intent to deceive the public.  35 U.S.C. § 292(a); *Clontech Labs., Inc. v. Invitrogen Corp.,* 406 F.3d 1347, 1351 (Fed. Cir. 2005).

A complaint should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) when it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations in the pleading.  *H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989).  Accepting all of Porritt's allegations from the complaint as true, Porritt has pled no facts to support at least the last element of false marking, *i.e.*, deceptive intent.  As such, the case should be dismissed under Rule 12(b)(6).

### A.    The Complaint Should Be Dismissed for Failure To Plead Deceptive Intent With the Particularity Required By Rule 9(b)

Porritt's complaint should be dismissed for failure to comply with Federal Rule of Civil Procedure 9(b)'s pleading requirements with respect to the fraud element—*i.e.*, intent to deceive.

As noted above, Section 292 is not a strict liability statute; instead, intent to deceive is required.[4] *See  Clontech*, 406 F.3d at 1352; *see also D.O.C.C. Inc. v. Spintech Inc.,* No. 93-4679, 1994 WL 872025, *17 (S.D.N.Y. August 15, 1994) (holding that "section 292 carries a heavy scienter requirement").[5]

Because this requisite, specific intent to deceive is tantamount to fraud, this element of a Section 292 claim invokes the heightened pleading requirements of Rule 9(b).  *Juniper Networks v. Shipley,* No. 09-696, 2009 WL 1381873, at *4 (N.D. Cal. May 14, 2009) ("The false marking statute is a fraud-based claim, which is subject to the pleading requirements of Federal Rule of Civil Procedure 9(b)"); *see also Hollander v. Etymotic Research, Inc.*, No. 10-526, 2010 WL 2813015 at *7 (E.D. Pa. July 14, 2010) (concurring with other recent decisions applying Rule 9(b) standards to false marking complaints and dismissing complaint on Rule 12(b)(6) grounds); *Advanced Cartridge Techs., LLC v. Lexmark Int'l, Inc.*, No. 10-486, 2010 WL 2640137, at *1 (M.D. Fla. June 30, 2010) (applying the Rule 9(b) standard to the allegations of deceptive intent in a false marking complaint and finding them lacking); *Inventorprise, Inc. v. Target Corp.*, No. 09-380, 2009 WL 3644076, at *7 & n.16 (N.D.N.Y. Nov. 2, 2009); *Cent. Admixture Pharm. Servs., Inc. v. Advanced Cardiac Solutions, P.C.,* No. 00-2430, 2006 WL 4448613, at *24 (N.D. Ala. Jan. 13, 2006) ("Both the language of Section 292 and the binding authority in this Circuit place on the [plaintiffs] the burden to plead and produce facts demonstrating that the [defendants]" with their patent marking "had the specific intent to deceive the public into believing something that the plaintiffs knew to be false."), *aff'd on other grounds* 482 F.3d 1347

---

[4] The Federal Circuit's recent decision in *Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1363 (Fed. Cir. 2010), noted that, because the "false marking statute is a criminal one," the bar for proving deceptive intent is "particularly high."
[5] All electronic database cases are compiled alphabetically and attached as Exhibit A for the convenience of the Court.

(Fed. Cir. 2007).

The Northern District of Illinois, while acknowledging the lack of binding precedent on the issue, recently held that actionable false marking requires an affirmative intent to deceive and is, therefore, a fraud-based claim invoking the requirements of Rule 9(b). *Simonian v. Cisco Sys., Inc.*, No. 10-1306, 2010 WL 2523211, at *3 (N.D. Ill. June 17, 2010). For claims arising from the False Claims Act, another fraud-based *qui tam* statute, the Seventh Circuit requires plaintiffs to satisfy Rule 9(b). *U.S. ex rel. Gross v. AIDS Research Alliance-Chicago,* 415 F.3d 601, 604 (7th Cir. 2005) ("The FCA is an anti-fraud statute and claims under it are subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.").

Although the Court of Appeals for the Federal Circuit has not squarely addressed the Rule 9(b) pleading requirements for Section 292's deceptive intent element, the Federal Circuit has clarified the Rule 9(b) pleading requirements for the other instance where patent law requires a claimant to prove an "intent to deceive," namely, inequitable conduct. *See Exergen Corp. v. Wal-Mart Stores, Inc.,* 575 F.3d 1312 (Fed. Cir. 2009). A party alleging that a patentee has obtained its patent through inequitable conduct must show, among other things, that the patentee acted "with intent to deceive" the Patent and Trademark Office. *Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867, 872 (Fed. Cir. 1988). The *Exergen* decision clarified that pleading an "intent to deceive" must conform with Rule 9(b)'s stringent requirements and that a conclusory pleading will not suffice. 575 F.3d at 1326. The Federal Circuit held that although Rule 9(b) permits "intent" to be averred generally, in order to state a claim "the pleadings must allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Id.* at 1327. As the present case involves substantive patent law, the

law of the Federal Circuit controls.[6]

Porritt's complaint fails to meet the heightened pleading requirements of Rule 9(b); Porritt alleges without support that Defendants falsely marked their products with the intent to deceive. D.I. 1, ¶¶ 34, 57, 75, 93, 111. No facts are provided that make an intent to deceive more likely than no intent to deceive. "Whereas an inference of deceptive intent must be reasonable and drawn from a pleading's allegations of underlying fact to satisfy Rule 9(b), this inference must be the *single most reasonable* inference able to be drawn from the evidence to meet the clear and convincing standard." *Exergen*, 575 F.3d at 1329 n.5 (emphasis in original; internal quotations omitted). Porritt's allegations are neither the single nor the most reasonable inference of the facts pleaded.

Porritt's allegations are conclusory in the extreme, but they are also made "[u]pon information and belief" rather than with actual knowledge. *See generally* D.I. 1. Significantly Porritt does not plead the "who, what, when, where, and how" required by Rule 9(b), *DiLeo*, 901 F.2d at 627. Porritt instead alleges:

> 24.   Upon information and belief, [Defendant is a] sophisticated business entit[y] with extensive experience in the procurement, acquisition, litigation and/or use of patents in the United States
>
> 25.   Upon information and belief, because of the nature of [its] business, [Defendant] actively seek[s], maintain[s] and/or license[s] a number of patents.
>
> 26.   Upon information and belief, [Defendant] claim[s] to own, or [has] licenses under, a substantial number of patents and patent applications.
>
> 27.   Upon information and belief, [Defendant has] an in-house legal department (or otherwise retains attorneys) that is/are responsible for [its]

---

[6] The Seventh Circuit's precedent regarding Rule 9(b) pleading requirements is in accord with the Federal Circuit's *Exergen* decision. *See id.* at 1327 (noting accord with the Seventh Circuit and citing to *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990)).

intellectual property and ensuring compliance with marketing, labeling, and advertising laws.

28.    Upon information and belief, as [a] sophisticated business entit[y], [Defendant] knew or reasonably should have known of the requirements and provisions of 35 U.S.C. § 292.

29.    Upon information and belief, [Defendant has], in the past, advertised, marked or caused to be marked, and continue[s] to advertise, mark or cause to be marked, products with at least one expired patent.

* * *

33.    Upon information and belief, [Defendant] knew, or reasonably should have known, that the products [it] advertised for sale, marked and continue[d] to advertise and/or mark with [the named patents] are not covered by the expired patent as advertised or otherwise marked on [its] products because expired patents have no monopoly rights.

34.    Upon information and belief, [Defendant has] advertised, marked and continue[d] to advertise or otherwise mark its products with [the named patents] for the purpose of consciously deceiving the public into believing that its products are covered by [the named patents].

35.    Upon information and belief, [Defendant] intentionally included [the named patents] on [its] products in a conscious attempt to prevent competitors from making and selling the same or similar or competing products.

D.I. 1; *see also* D.I.1, ¶¶ 47-52, 56-58, 65-70, 74-76, 83-88, 92-94, 101-106, 110-112 (all beginning with "[u]pon information and belief" and making the same allegations as those paragraphs quotes above).  Beyond these and similar conclusory statements, Porritt never alleges the necessary knowledge on the part of any Defendant or any of their employees to form the intent required by Section 292.  Instead, Porritt's "upon information and belief" allegations are wholly unsupported, and provide no basis for any reasonable inference that the Defendants acted with intent to deceive.

Several courts have rejected claims similar to Porritt's allegations about "[a] sophisticated business entity" with "extensive experience in the procurement, acquisition, litigation and/or use of patents" allegation.  *See Simonian*, 2010 WL 2523211 at *3 (holding

insufficient allegations based only "upon information and belief" that defendant was "a sophisticated company and has many decades of experience applying for, obtaining, and/or litigating patents" and that defendant therefore had an intent to deceive); *Inventorprise*, 2009 WL 3644076, at *6-7 (holding that plaintiff's allegations that the defendant (a) is a sophisticated company with much patent experience, (b) knew or should have known that the patent marked on the product did not apply, and (c) could not have reasonably believed that the product was patented were insufficient to sustain a Section 292(a) claim); *Douglas v. Wal-Mart Stores, Inc.,* No. 05-152, 2005 WL 3234629, at *7 (E.D. Pa. Nov. 30, 2005) (dismissing a false marking claim because an allegation that the patentee was experienced in intellectual property litigation was insufficient for the intent to deceive element).  As in *Simonian*, *Inventorprise*, and *Douglas*, Porritt's "upon information and belief" allegations are insufficient under Rule 9(b).  *Exergen,* 575 F.3d at 1330 ("Pleading on information and belief is permitted under Rule 9(b) . . . , but only if the pleading sets forth the specific facts upon which the belief is reasonably based.").

Moreover, Porritt does not allege that Defendants' products were never covered by the '588 and '646 patents.  It is unreasonable that once truthful markings could become intentionally deceptively false, subject to penalty, overnight.  Porritt's complaint requires the implausible inference that Defendants learned of the patents' expiration and subsequently developed an intent to deceive the public.  A more reasonable inference from those simple allegations include that Defendants' mismarking, if it exists at all, was done out of inadvertence or as part of a plan to change the marking when it would make business sense to do so, not with intent to deceive.  The law does not penalize such innocent conduct. *See Arcadia Mach. & Tool, Inc. v. Sturm, Rugur & Co.*, 786 F.2d 1124, 1125 (Fed. Cir. 1986) (affirming the district court's ruling that marking a product with an expired patent out of inadvertence does not constitute "intent to deceive the

public" under § 292); *Blank v. Pollack,* 916 F. Supp. 165, 173 (N.D.N.Y. 1996) ("[A]n intent to deceive the public will not be inferred if the facts show no more than that the erroneous patent marking was the result of mistake or inadvertence."); *see also Pequignot v. Solo Cup*, 608 F.3d 1356 (Fed. Cir. 2010).

With no facts or reasonable inferences to support the allegation of a specific intent to deceive, Porritt's complaint cannot meet the Rule 9(b) pleading requirements.  *Exergen,* 575 F.3d at 1326-27 ("A pleading that simply avers the substantive elements . . . without setting forth the particularized factual bases for the allegation, does not satisfy Rule 9(b).").

### B.      The Complaint Should Be Dismissed for Failure To Satisfy Even the Minimal Pleading Standard of Rule 8

Even under the more liberal pleading standards of Federal Rule of Civil Procedure 8(a), Porritt has failed to state a plausible claim.  This added failure provides an independent basis for the Court to dismiss Porritt's complaint pursuant to Rule 12(b)(6).

According to Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Moreover, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007) (citations omitted); *see also Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  To survive a motion to dismiss, Porritt's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal,* 129 S. Ct. at 1949 (quoting *Twombly,* 550 U.S. at 570).  The Seventh Circuit has interpreted *Iqbal* as "admonishing those plaintiffs who merely parrot the statutory language of the claims that they are pleading . . . rather than providing some specific

facts to ground those legal claims, that they must do more.  These are the plaintiffs who have not provided the 'showing' required by Rule 8." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Porritt's complaint fails the requirement of these recent Supreme Court decisions, and alleges violations of Section 292 without reciting the facts necessary to establish a plausible claim.  As discussed above, an intent to deceive the public is a critical element to a false marking claim.  *Clontech*, 406 F.3d at 1352.  But instead of setting forth sufficient facts, Porritt's complaint makes conclusory allegations that Defendants "knew or reasonably should have known of the requirements and provisions of 35 U.S.C. § 292" and "continue[d] to advertise, mark or cause to be marked [their] products with at least one expired patent."  D.I. 1, ¶¶ 28, 29. The closest Porritt comes to providing a factual predicate is the assertion that each Defendant is a "sophisticated business entity" with "extensive experience in the procurement, acquisition, litigation and/or use of patents."  D.I. 1, ¶ 24.  Relying on this razor-thin rationale to cover its statutory bases, Porritt draws the conclusion that Defendants have acted "for the purpose of consciously deceiving the public." D.I. 1, ¶ 34.

These bare-bones assertions—alleged "upon information and belief" (*see* D.I. 1, ¶¶ 24-29, 33-35, 47-52, 56-58, 65-70, 74-76, 83-88, 92-94, 101-106, 110-112)—are precisely the sort of pleading that the Supreme Court has deemed unacceptable.  Porritt's allegations "amount to nothing more than a 'formulaic recitation of the elements[.]'" *Iqbal,* 129 S. Ct. at 1951.  The "complaint does not contain any factual allegation sufficient to plausibly suggest . . . [a deceptive] state of mind." *Id.* at 1952.  Such pleadings "do not meet the standard necessary to comply with Rule 8" and should be dismissed.  *Id.; see also Max Impact, LLC, v. Sherwood Group*, No. 09-902, 2009 WL 2448108, at *1 (S.D.N.Y. August 10, 2009).

In a case with strikingly similar facts, a district court dismissed similar (but arguably

more robust) pleadings as being insufficient to meet Rule 8(a).  *Brinkmeier v. Graco Children's Prods. Inc.*, 684 F. Supp. 2d 548, 553 (D. Del. 2010).  The plaintiff in *Brinkmeier* had alleged that the defendant "knows, or should know" that products have been falsely marked, basing the allegations on the fact that defendant had an intellectual property manager who "cannot have any reasonable belief that such products are protected by such patents."  *Id*.  The plaintiff stated flat-out that the marking was "for the purpose of deceiving the public[.]"  *Id.*  The court rejected the claims for failing to state a claim under the default pleading standards of Rule 8(a): "These allegations alone do not supply enough factual matter to suggest an intent to deceive, and amount to nothing more than the 'mere labels and conclusions'" prohibited by *Twombly*.  *Id.*

The allegations set forth in Porritt's complaint are less substantive than those in *Brinkmeier*.  Both complaints rest upon the generalized statements of intent based on "information and belief."  However Porritt's complaint does not even allege that anyone within Defendants' organization holds a position similar to the "intellectual property manager" referenced in the *Brinkmeier* complaint.  Just as the *Brinkmeier* complaint was dismissed, so to Porritt's complaint should be dismissed.

## V.    PORRITT'S COMPLAINT SHOULD BE DISMISSED BECAUSE SECTION 292 VIOLATES THE "TAKE CARE" CLAUSE OF THE CONSTITUTION

Section 292 violates the Take Care clause of the Constitution, and that violation means that this Court should dismiss Porritt's complaint, purporting to allege a cause of action under Section 292, pursuant to Rules 12(b)(1) and 12(b)(6).  The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) is to test the sufficiency of the complaint, not to decide the merits of the case.  *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir.1990).  Rule 12(b)(1) requires dismissal of claims over which the federal courts lack subject matter jurisdiction.  Subject matter jurisdiction is the "courts' statutory or constitutional power to

adjudicate the case." *United States v. Lawrence,* 535 F.3d 631, 636 (7th Cir.2008) (citations omitted).  Federal courts lack the power to adjudicate a case brought under an unconstitutional statute.

Rule 12(b)(6) motions speak to the sufficiency of the claim, and will only be granted if "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957); *Chaney v. Suburban Bus Div. of the Regional Transp. Auth.*, 52 F.3d 623, 627 (7th Cir.1995); *Mungiovi v. Chicago Housing Authority*, 901 F. Supp. 261, 263 (N.D. Ill. 1995).  No set of facts can be pled that will entitle a plaintiff to relief under an unconstitutional statute.

In the present case, the statute underlying Porritt's right to file suit, Section 292(b), is a criminal statute[7] that lacks any form of Executive branch control over the relators or the criminal prosecutions they bring.  Because Section 292 is an unconstitutional statute, this Court lacks jurisdiction to adjudicate this matter and no set of facts can be pled that would allow relators to obtain the relief sought.  Dismissal under either or both of Rules 12(b)(1) or 12(b)(6) is required.

The Take Care clause[8] prohibits an unrestrained assignment of authority from the President to any person outside the Executive Branch.  *See Morrison v. Olson,* 487 U.S. 654 (1988) ("Notwithstanding the fact that the counsel is to some degree 'independent' and free from executive supervision to a greater extent than other federal prosecutors, in our view these features of the Act give the Executive Branch sufficient control over the independent counsel to ensure that the President is able to perform his constitutionally assigned duties.").  As

---

[7]   S.Rep. No. 82-1979, 1952 U.S.C.C.A.N. 2394, 2424 (1952) ( "This is a criminal provision.").
[8]   The Take Care clause of the U.S. Constitution states that the president "shall take Care that the Laws be faithfully executed" (Art. II, § 3).

underscored in *Free Enterprise Fund v. Public Co. Accounting Oversight Bd.*, 130 S. Ct. 3138, 3152 (2010):

> Article II confers on the President "the general administrative control of those executing the laws. It is *his* responsibility to take care that the laws be faithfully executed. The buck stops with the President, in Harry Truman's famous phrase. . . . [T]he President therefore must have some "power of removing those for whom he cannot continue to be responsible."

Unfortunately, the literal language of Section 292(b) confers upon relators unlimited authority to prosecute defendants without any form of oversight or control by the Executive branch, as required by the Take Care clause:

> (b) Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States.

The literal language of Section 292(b) permits relators to file and prosecute a case for a penal fine against the defendants without limitation or restriction, just as if relators were the President. The caption of this case does not identify relators in this case as acting on behalf of the United States. There is no requirement in Section 292(b) for advance notice to be given to the Executive branch, no right for the government to intervene, and no right for the government to decide how and whether to prosecute for the fine. Importantly, though, double jeopardy precludes a later prosecution by the Executive branch against a defendant arising from the same actions on which relators have already sued.

The control requirement of the Take Care clause extends to *qui tam* statutes that seek only civil penalties. *See Ridenour v. Kaiser-Hill Co., L.L.C.*, 397 F.3d 925, 934 (10th Cir. 2005) ("[The False Claims Act, 31 U.S.C. § 3729,] is constitutionally sound as long as it is interpreted as vesting in the Executive Branch sufficient control over *qui tam* actions so there is no violation of its duty to enforce the laws of the land.").

Constitutional challenges to the False Claims Act ("FCA") have been defeated only because the FCA statutes provide that the government can participate in and control the course of the litigation:

> [The relator] must deliver a copy of the complaint, and any supporting evidence, to the Government, § 3730(b)(2), which then has 60 days to intervene in the action, §§ 3730(b)(2), (4).  If it does so, it assumes primary responsibility for prosecuting the action, § 3730(c)(1) . . . . If the Government declines to intervene within the 60-day period, the relator has the exclusive right to conduct the action, § 3730(b)(4), and the Government may subsequently intervene only on a showing of "good cause," § 3730(c)(3).

*Vt. Agency*, 529 U.S. at 769.

The government does not need to show "good cause" under § 3730(c)(3) before moving to dismiss an action.  *Ridenour*, 297 F.3d at 932-33.

Executive control was specifically denoted as important, even over the civil-action-based claims of the FCA, by the Court of Appeals for the Fifth Circuit in *Riley v. St. Luke's Episcopal Hospital*, 252 F.3d 749, 753 (5th Cir. 2001) (en banc):

> [T]he Executive retains significant control over litigation pursued under the FCA by a *qui tam* relator.  First, there is little doubt that the Executive retains such control when it intervenes in an action initiated by a relator. Second, even in cases where the government does not intervene, there are a number of control mechanisms present in the qui tam provisions of the FCA so that the Executive nonetheless retains a significant amount of control over the litigation.

An interpretation of the FCA in a manner that abrogates the Executive control provisions would place it on "constitutionally unsteady ground." *Ridenour*, 397 F.3d at 934.

Section 292(b) lacks the controls that were deemed necessary for the FCA to pass constitutional muster.  Pointedly, no provision in Section 292(b) allows the President to intervene, participate, have a say in settlement, move to dismiss, appoint or remove counsel, or exercise any control whatsoever over relator-instituted litigation.  In fact, Section 292 does not

even require that the government be notified that an action has been filed.

The one court in this jurisdiction that has held in favor of constitutionality of Section 292 under the Take Care clause has done so on a flawed ground that have not yet been reviewed on appeal. *Zojo Solutions Inc. v. The Stanley Works*, No. 10-1175, 2010 WL 1912650, at *2 (N.D. Ill. May 12, 2010) based the ruling on the flawed premise that silence by the appellate court as to constitutionality was tantamount to a decision in favor of constitutionality: "[I]f the Federal Circuit had perceived that the statute posed a subject matter jurisdictional problem, it would have been obliged to raise and address that issue *sua sponte* [in *Forest Group Inc. v. Bon Tool Co.*, 590 F.3d 1295 (Fed. Cir. 2009)]." *Id*. The constitutional issue was not, however, raised in the district court nor is there any indication in the *Forest Group* opinion that the appellate court ever considered the constitutionality of Section 292.

Because Section 292 in unconstitutional, relators can prove no set of facts that would support their claim and entitle them to relief. The purely legal argument of whether a statute is unconstitutional is appropriate for disposition on a motion to dismiss. *See, e.g., Lindsey v. Normet*, 405 U.S. 56 (1972) (affirming and reversing in part lower court's grant of motion to dismiss after finding statute was in part unconstitutional). This case should be dismissed under Rule 12(b)(1).

## VI.     CONCLUSION

For the foregoing reasons, Defendants respectfully requests that this Court dismiss Porritt's complaint with prejudice because Porritt cannot allege any intent to deceive and lacks any cognizable injury in fact to establish Article III standing and because Section 292 is unconstitutional.

Dated August 27, 2010                              Respectfully submitted,


                                                   BY: /s/ Nicholas B. Clifford, Jr.
                                                        Nicholas B. Clifford, Jr. #6220587
                                                        ARMSTRONG TEASDALE LLP

Nicholas B. Clifford, Jr.                              Daniel A. Boehnen
nclifford@armstrongteasdale.com                        boehnen@mbhb.com
Armstrong Teasdale LLP                                 Jessica L. Lunney
7700 Forsyth Blvd.                                     lunney@mbhb.com
St. Louis, MO 63105                                    McDonnell Boehnen Hulbert & Berghoff LLP
Phone: 800-243-5070                                    300 S. Wacker Dr., Suite 3100
Fax: 314-621-6301                                      Chicago, IL 60606
                                                       Phone: 312-913-0001
Richard O. Hart                                        Fax: 312-913-0002
dickh@harthart.com
Hart & Hart                                            *Attorneys for Defendants,*
P.O. Box 937                                           *Amscan Holdings, Inc,*
Benton, Il 62812                                       *Amscan, Inc.*
Phone: 618-435-8123                                    *M&D Industries International, Inc.*
Fax: 618-435-2962                                      *Anagram International, Inc., and*
                                                       *Flowers, Inc. d/b/a burton + BURTON*
*Attorney for Defendant,*
*Betallic LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 27, 2010, a copy of the foregoing was served via electronic mail, and via the Court's electronic filing system, on the following attorneys of record:

David I. Cates
*dcates@cateslaw.com*
Judy L. Cates
*jcates@cateslaw.com*
The Cates Law Firm, L.L.C.
216 West Pointe Dr., Suite A
Swansea, Illinois 62226


/s/ Nicholas B. Clifford, Jr
Nicholas B. Clifford, Jr.
*nclifford@armstrongteasdale.com*
Armstrong Teasdale LLP
7700 Forsyth Blvd.
St. Louis, MO 63105
Phone: 800-243-5070
Fax:    314-621-6301